IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL MILLIMACI,              )
                               )
        Plaintiff              )
                               )   CIVIL ACTION NO. 95-280E
    vs.                        )
                               )
MARTIN HORN, NORENE P.         )
GREENLEAF, SUPT. EDWARD T.     )
BRENNAN, DEPT. SUPT. BROOKS,   )
SHIRLEY MOORE, JUDITH WEYERS,  )
DR. BAKER, MR. BOEH, TAMMY     )
YOUNG,                         )
                               )
        Defendants             )

### PLAINTIFF DANIEL MILLIMACI'S MOTION
### TO REINSTATE AND AMEND CIVIL ACTION

1. Plaintiff Daniel Millimaci respectfully moves this Honorable Court to reinstate the instant civil action and allow amendments thereto, and in support submits the following:

2. This motion is of the utmost importance because Plaintiff's immediate, as well as, future physical and mental health and well-being depends upon it.

3. Plaintiff, a life-sentenced prisoner and quadriplegic, presently housed at the State Correctional Institute at Albion ("SCI-Albion"), a maximum security prison located in North Western, Pennsylvania, brought action in this case in October, 1995 against the above named defendants, by virtue of 42 U.S.C. § 1983. The action alleged a host of civil rights violations, to-wit: SCI-Albion medical staff, as well as SCI-Albion officials

and Pennsylvania Department of Corrections officials (collectively "DOC"), displayed gross deliberate indifference toward his immediate and serious medical needs.

4. The case was assigned to the Honorable Maurice B. Cohill, Jr., United States District Judge. Judge Cohill referred the case to the Honorable Robert C. Mitchell, United States Magistrate Judge. In an order dated October 17, 1995, Judge Mitchell granted Plaintiff's request to proceed in forma pauperis and waiver of summons, and ordered cost to be advanced by the United States.

5. On May 5, 1997 John H. Moore, Esquire, entered his appearance on Plaintiff's behalf.

6. Subsequently, Plaintiff voluntarily excused Defendant Dr. Baker from the action.

7. Finally, after nearly two years of litigation, in November, 1997, an agreements was reached by counsel of the parties. (See Stipulation of Voluntary Dismissal and original Terms of Settlement and Settlement Agreement, which is adopted, incorporated herein, and by reference collectively attached hereto as Exhibit "A").[1]

---

[1] Immediately following this agreement, Plaintiff displayed his dissatisfaction. The parties, then, including Plaintiff, Attorney Moore, and other concerned individuals, indulged in a rather extensive settlement conference held in the infirmary of SCI-Albion on December 15, 1998. Plaintiff, at that time, was obliged to explain his side of the difficulties he was experiencing. Thereafter, defendants' counsel began preparing a draft copy of a new settlement agreement, which was completed on December 23, 1998, edited, approved, and signed by Plaintiff's counsel on March 10, 1999. (See new agreement, of which is adopted, incorporated herein, and attached hereto as Exhibit "B".

8. On November 12, 1998, however, Plaintiff filed a pro se Motion to Reinstate the action, alleging a breach of settlement agreement. Various extensions of time within which to respond were sought by the defendants, each of which were granted. Finally, on September 29, 1999 this Court granted the Plaintiff's motion to reinstate.

9. Then, on October 12, 1999, believing Attorney Moore was not acting in his best interest, as the obligations of defendants memorialized in the terms of the new settlement agreement were not being met, Plaintiff filed a pro se motion to withdraw Attorney Moore as counsel. The motion was granted on the same date.

10. On August 9, 2000, in response, defendants filed a motion to enforce the settlement agreement. The motion was denied on September 28, 2000. An evidentiary hearing was then conducted on October 26, 2000. Plaintiff, at that time, illiterate to the law, clearly outmatched, physically ill, heavily medicated, wanting nothing more than immediate medical attention, on those basis, stipulated to dismissal of the action with prejudice pursuant to the new agreement on record.

11. The new settlement agreement consist of four pages, consisting of sixteen paragraphs containing general obligations of the parties, and conditions. The bulk of the settlement agreement sets forth the specific obligations of the DOC, which allocates the types of medical assistance and treatment that Plaintiff was to be provided.

12. Specifically, the new settlement agreement, modified only slightly from the original settlement agreement, provided that Plaintiff would receive, <u>inter alia</u>: (i) a desk in his cell with a retractable desk surface (or flap) if it was physically possible; (ii) a new single eggerate mattress of satisfactory thickness and of an appropriate size to fit his altered bed frame, and that such would be replaced upon wear; (iii) a satisfactory wheelchair of an appropriate size and type, of which a replacement would be available in the event repairs were needed on the primary chair, and hand splints; (iv) on-site evaluations for physical therapy/exercise and walking program needs; (v) monthly foot care evaluations; and (vi) non-invasive Texas catheters of the style and size Plaintiff had prior to changes in medical supplies supplied by SCI-Albion's medical department. With respect to these DOC obligations, the DOC is in substantial noncomplaince with the terms and agreement of the new settlement.

13. Plaintiff has received no physical therapy in the past six years; his primary wheelchair is worn to the extent that it is barely operable, and the replacement chair is not of an adequate size or type to accommodate his height (over 6' 4"); the catheters he receives are not the type envisaged by the settlement agreement, they cause severe discomfort and occasional urinary track infections, and are believed to have caused irreparable harm to his penis area; his hand splints are inadequate, to the extent that they

are not designed to accommodate him, and their use during physical exercise creates the potential for further physical injury; the desk in his cell has not been modified; the eggerate mattress he recently received is of unsatisfactory thickness and inappropriate in size to fit his altered bed frame. This has lead to, among other things, painful and infected hip, ankle, and foot sores, of which have not been properly treated by SCI-Albion, as no monthly foot care clinic evaluations (as promised) have been provided.[2]

14. As a quadriplegic, unless Plaintiff is afforded, at minimum, the care and treatment set forth in the new settlement agreement, Plaintiff's body will all but swiftly deteriorate. This, in turn, will ultimately result in pain, suffering, and mental anguish, which, as a result, will inevitably result in mental and psychological deterioration.

15. In light of the DOC's substantial breach of the settlement agreement identified above, Plaintiff respectfully moves this Honorable Court to reinstate this civil action. Plaintiff also asks the Court to allow later amendments to the action, and that a request for nominal, punitive, and compensatory damages for the mental anguish, pain and suffering he had to endure due to defendants' breach of the settlement agreement, be added herein.

---

[2] Since action was originally brought in this case, and over the course of the past six years, Plaintiff, to no avail, has submitted various inmate request to staff forms and grievance to the DOC addressing these concerns.

**WHEREFORE**, it is respectfully requested that this Honorable Court grant Plaintiff's Motion and reinstate this civil action; that his request for damages be added herein; and that later and additional amendments hereto be allowed.

Respectfully submitted,

Daniel Millimaci

Dated: September 19, 2006

## VERIFICATION

I, Daniel Millimaci, hereby certify that the foregoing information is true and correct to the best of my knowledge, information and belief.

Daniel Millimaci

## CERTIFICATE OF SERVICE

Daniel Millimaci does hereby certify that he has served the foregoing "Motion to Reinstate and Amend Civil Action" upon the following persons by mailing a true and correct copy thereof by United States mail, postage prepaid, in an envelope addressed as follows:

        Office of the Attorney General
            Western Region Office
     Kemal Alexander Mericli, Esquire
              564 Forbes Avenue
         6th Floor, Manor Complex
           Pittsburgh, PA 15219
          Phone: (412) 565-5438

on the 19 day of September, 2006.

                                    Daniel Millimaci

Mr. Daniel Millimaci
SCI Albion
Inmate No. BG-7725
10745 Route 18
Albion, PA 16475-0002

September 19, 2006

Office of the Clerk
United States District Court
Western District
17 South Park Row
Erie, PA 16501

        RE: Millimaci v. Horn, et al.,
           Civil Action No. 95-280E
           42 U.S.C. § 1983 Matter

Dear Clerk:

Enclosed and for filing with the Court please find the original of Plaintiff Daniel Millimaci's "Motion to Reinstate and Amend Civil Action" regarding the above-captioned matter.

                       Very truly yours,

                       *Daniel Millimaci*
                       Daniel Millimaci

DM/cxg
Enclosure

cc:  Kemal Alexander Mericli, Esquire (w/encls.)
File