EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL MILLIMACI,
      Plaintiff

v.

                                    CIVIL ACTION NO. 95-280E

MARTIN HORN, et al.,
      Defendants

## STIPULATION OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF PLAINTIFF'S CLAIM

AND NOW, comes the Plaintiff, Daniel Millimaci, by and through his undersigned counsel and in accordance with the Settlement as set forth in the Letter of the Office of the Attorney General dated November 7, 1997 attached hereto as Exhibit "A", Plaintiff hereby voluntarily dismisses without prejudice the above-captioned civil action as to all Defendants listed therein. It is further agreed between the parties that the Dismissal of this Action against the Defendant, Mark D. Baker, D.O., shall be entered with prejudice. This Dismissal is made pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

_____
John H. Moore, Esq.

_____
Kemal Alexander Mericli

_____
Martin J. Fallon, Esq.

EXHIBIT "A"
ALL-STATE INTERNATIONAL

# Riehl & Moore
### Attorneys at Law

2580 West 8th Street, Erie, Pennsylvania 16505
Telephone 814 / 838-7920     Fax 814 / 835-8237

Ralph R. Riehl, III, Attorney                                        John H. Moore, Attorney
Kathleen M. Luba, Paralegal                                      Kelly M. Nuara, Paralegal

November 11, 1997

Kemal Alexander Mericli
Deputy Attorney General
COMMONWEALTH OF PENNSYLVANIA
OFFICE OF THE ATTORNEY GENERAL
Western Regional Office
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219

RE: Millimaci v. Horn, et al
Civil Action No. 95-280E

Dear Mr. Mericli:

Enclosed you will please find the original Terms of Settlement and Settlement Agreement under date of November 7, 1997 which I have signed on behalf of my client, Mr. Millimaci regarding the above-captioned matter.

Should you have any questions please do not hesitate to contact me.

Sincerely,

RIEHL and MOORE

John H. Moore, Esq.

JHM:czf
Enclosure
CC: Daniel Millimaci (with copy of enclosure)



COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

November 7, 1997

MIKE FISHER
ATTORNEY GENERAL

Western Regional Office
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

(412) 565-5438

John H. Moore, Esquire
RIEHL & MOORE
2580 West 8th Street
Erie, PA 16505

Re: <u>Millimaci v. Horn, et al.</u>
    Civil Action No. 95-280E

Dear Mr. Moore:

### Terms of Settlement

1. SCI-Albion agrees to alter Mr. Millimaci's bed frame by extending it to accommodate his full height.

2. SCI-Albion agrees to provide Mr. Millimaci with a firm, <u>one-piece</u> mattress to serve as a satisfactory foundation for an eggcrate-type mattress placed on top. This foundation mattress will be of an appropriate size to fit his altered bed frame as specified in Item 1. Mr. Millimaci may keep his eggcrate mattress that he has been provided by the medical department at SCI-Albion and this type of mattress will be replaced if and when it is determined to be reasonably worn out or no longer adequately functional by SCI-Albion's medical department.

3. Items 1 & 2 will be fully accomplished within 90 days, or by December 5, 1997.

4. Satisfactory wheelchair/exercise gloves and hand splints for Mr. Millimaci have already been ordered by the medical department at SCI-Albion and, if they arrive according by October 31, 1991, it is agreed that this matter is no longer in dispute between the parties.

Page 2

5. It is agreed that Mr. Millimaci will continue to be afforded the opportunity to participate in the physical therapy/exercise program in which he is currently participating under the auspices and direction of the medical department at SCI-Albion, involving a minimum of one half-hour per day, and minimum of 3 days or a maximum of 5 days per week, with the supervision and assistance of a physician's assistant. It is also agreed that he will continue to be afforded the opportunity to continue with the related walking program in which he is currently participating. It is noted that the physical therapy/exercise and walking programs are currently in existence and are as prescribed by Deborah Alexander, Physical Therapist, Mill Creek Hospital, on outside referral from the medical department of SCI-Albion. These programs will continue as long as necessary in the reasonable medical judgment of the medical department at SCI-Albion.

6. It is agreed, following the evaluation that has already been performed at Health South Rehabilitation Hospital on outside referral from the medical department of SCI-Albion, regarding Mr. Millimaci's wheelchair the following items are the cases:

   1) It is of an appropriate size and type for Mr. Millimaci's use;

   2) The arm rests thereon will be permanently fixed in accordance with Mr. Millimaci's personal preference, with the understanding on his part that it will detract from his relative case and safety in getting out of the chair;

   3) It will be provided with pneumatic tires in accordance with Mr. Millimaci's personal preference, with the understanding on his part that the need for more frequent replacement than if solid tires are used might conceivably result in him being obliged to use a non-customized chair more frequently during the interim times that the tires are being replaced on his customized chair;

   4) It will be fitted with a "garment guard";

   5) The tendency of the foot guards to drag/bump the ground will be fixed by extending the forks from five (5) to seven (7) inches and raising the seat to increase ground clearance as suggested by the Health South evaluation. They will be made properly stable and level.

   6) All alterations are to be accomplished by October 15, 1997.

Page 3

7. Mr. Millimaci has no complaints regarding the adequacy of his supply of catheters of any kind, nor any complaints regarding his back brace that have not been evaluated or addressed by the medical department at SCI-Albion, nor any complaint about the provision of footcare, having since been placed on the routine monthly list for the foot clinic by the medical department at SCI-Albion.

8. It is agreed that Mr. Millimaci needs no assistance with personal maintenance, pursuant to the evaluation of the physical therapist at Mill Creek Hospital, and that it is recommended accordingly that his independence in this respect should be encouraged as therapeutic.

9. SCI-Albion has unilaterally decided, for the ease and convenience of all involved, to adapt a van with a wheelchair lift to use in transporting Mr. Millimaci and other disabled inmates off site. This will be completed by September 19, 1997. Therefore, it is a moot point.

10. This document represents terms of the full agreement and understanding of the plaintiff and all defendants in the case of Millimaci v. Horn, C.A. No. 95-280E. Upon its acceptance by the defendants, Mr. Millimaci, through counsel, agrees to voluntarily dismiss the case without prejudice and without seeking attorney fees.

IT IS AGREED AND UNDERSTOOD that the release of all claims and settlement agreement is not, and shall not be construed as, a consent decree. The defendants' undertaking described in this release and settlement agreement are not enforceable in any way, in this or any other forum. Daniel Millimaci may refile this lawsuit at any time for any reason. If, however, Daniel Millimaci, refiles this lawsuit for any reason other than the defendants' failure to fulfill the intentions set forth in this agreement, Daniel Millimaci agrees that any and all claims for damages and attorneys fees have been satisfied up to and including the date on which he signs this release and settlement agreement. The provisions of this paragraph are essential to this release and settlement agreement. If any of them is held invalid, this release and settlement agreement shall be null and void.

The Department of Corrections having expressed its assent, through Deputy Chief Counsel Randy Sears on November 3, 1997, please sign the attached agreement. This action by you will finalize our

Page 4

agreement to settle this case according to the terms of the agreement. It is identical to the terms set forth in my letter of September 10, 1997 to you and the Superintendent, with which you have already agreed in principle, except for ¶ 11, which is the Attorney General's standard disclaimer that this is not enforceable as a consent decree, in accordance with the statutory limitations of the Commonwealth's Attorneys Act. Consequently, SCI-Albion will proceed to accomplish anything in the agreement (e.g., the bed and mattress items at ¶¶ 1 and 1).

Sincerely yours,

*Kemal Alexander Mericli*
Kemal Alexander Mericli
Deputy Attorney General

KAM/pm
Enclosure

cc: Martin J. Fallon, Esquire

_____          11-10-97
John H. Moore, Esquire              Date

EXHIBIT "B"

Case 1:95-cv-00280-MBC-RCM   Document 128-2   Filed 09/22/2006   Page 8 of 13

# Riehl & Moore
### Attorneys at Law

2580 West 8th Street, Erie, Pennsylvania 16505

Telephone 814 / 838-7920      Fax 814 / 835-8237

Ralph R. Riehl, III, Attorney                                      John H. Moore, Attorney

March 10, 1999

Kemal Alexander Mericli
Deputy Attorney General
COMMONWEALTH OF PENNSYLVANIA
OFFICE OF THE ATTORNEY GENERAL
Western Regional Office
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA   15219

          RE: Millimaci v. Horn, et al
             Civil Action No. 95-280E

Dear Mr. Mericli:

  Enclosed you will please find the Terms of Settlement Agreement which you forwarded to me under date of March 5, 1999 regarding the above-captioned matter which I have edited and signed.

  Should you have any questions please feel free to contact me.

            Sincerely,

            RIEHL and MOORE

            JOHN H. MOORE, ESQ.

JHM:czf
Enclosure



COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

RECEIVED
MAR 8 1999
BY: _____

March 5, 1999

MIKE FISHER
ATTORNEY GENERAL

Western Regional Office
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

(412) 565-5438

John H. Moore, Esquire
RIEHL & MOORE
2580 West 8th Street
Erie, PA 16505

Re: <u>Millimaci v. Horn, et al.</u>
    Civil Action No.   95-280E

Dear Mr. Moore:

## TERMS OF SETTLEMENT

1. Mr. Millimaci's bed will be repaired so that it does not sag in the middle and his cell will be equipped with a retractable desk surface (or flap) if this is physically possible.

2. Mr. Millimaci's bed will be equipped with a new single eggerate mattress of satisfactory thickness as envisaged at paragraph 2 of the original agreement.

3. Mr. Millimaci will be provided with hand-splints as envisaged at paragraph 4 of the original agreement.

4. Mr. Millimaci will be afforded daily access to the exercise equipment located on the AA honor block for his one hour of daily exercise.

5.  Dr. Baker will arrange through the medical department for an on-site evaluation (pursuant to his physical therapy) of Mr. Millimaci's current physical therapy needs at SCI-Albion. Mr. Millimaci will continue to be provided with the physical therapy program itemized at paragraph 5 of the agreement until such time as it is supplemented or replaced by any new set of physicians orders that may result from the aforesaid on-site evaluation.

6.  During his physical therapy, Mr. Millimaci will be provided with the direct assistance of a physician's assistant as envisaged by paragraph 5 of the original agreement. In this patient's case, the goal of the therapy is to create independence. Not all exercises and activities require the physical assistance of a therapist/PAC. It is and will continue to be stressed that the therapies that require direct assistance will be performed in that manner and that all therapy regardless of the amount of type of assistance required or not required, will be done under direct supervision. There shall be no time when the patient participates in therapy activities in this department when he is indirectly observed.

7.  Mr. Millimaci replacement wheelchair will be restored to satisfactory operation condition for sue in the event that his chair -- as specified in the original agreement at paragraph 6 of thereof -- is unavailable due to repairs.

8.  Mr. Millimaci's foot care is to be handled by his placement on the monthly podiatry foot clinic, according to paragraph 7 of the original agreement.

9.  Mr. Millimaci will be provided with the style and size of non-invasive Texas catheter that he had prior to the recent change of medical supplied by the medical department at SCI-Albion.

10. The medical department at SCI-Albion will attempt to formulate and to employ a working definition, based on Mr. Millimaci's medical history and applicable law, of those medical conditions from which he routinely suffers that are subject to characterization as "chronic" (as compared to "acute") for the

purposes of determining where Mr. Millimaci should be properly charged for medical supplies and services etc., incidental to a medical visit. Ms. Weyers will conduct a review of any former charges accrued since November 3, 1997 to see if refunds/credits are due him in light of such considerations. Mr. Millimaci remains subject to any and all legally authorized changes for "acute" care as that term is fairly defined.

11. An adequate supply of Mr. Millimaci's prescribed pain medication will be maintained by the medical department at SCI-Albion.

12. Mr. Millimaci will schedule an appointment to see the new psychiatrist after January 1, 1999. He will also schedule an appointment with the psychological counseling staff.

13. In order to insure the full and prompt implementation and proper function of this agreement, it is agreed, by Superintendent Brennan on behalf of the administration of SCI-Albion that Deputy Superintendent Victoria L. Kormanic will be reasonably available to Mr. Millimaci for the purposes of him bringing to her official attention any matter that he perceives to be a failure by SCI-Albion's staff to fulfill the terms of this agreement or an action by SCI-Albion's staff that is inconsistent or in conflict with the terms of this agreement. Accordingly, the Deputy Superintendent will reasonably attempt to resolve any such matters without the necessity for invoking the formal grievance process of the DOC. In the event that such efforts fail to satisfy Mr. Millimaci he remains free to pursue the matter by grievance under DC-ADM 804 and/or through any further proceedings authorized by law.

14. It is agreed that the arrangement defined in paragraph 13 is confined to the subjects covered by this agreement, its purpose being only to insure implementation and enforcement of the terms of this agreement.

15. The original agreement remains in force to the extent that it is not replaced by the terms of this agreement.

16. This document represents terms of the full agreement and understanding of the plaintiff and all defendants in the case of <u>Millimaci v. Horn</u>, C.A. No. 95-280E. Upon its acceptance by the defendants, Mr. Millimaci, through counsel, agrees to voluntarily dismiss the motion to reinstate civil action in the case without prejudice and without seeking attorney fees.

**IT IS AGREED AND UNDERSTOOD** that the release of all claims and settlement agreement is not, and shall not be construed as, a consent decree. The defendants' undertaking described in this release and settlement agreement are not enforceable in any way, in this or any other forum. Daniel Millimaci may refile this lawsuit at any time for any reason. ~~If, however, Daniel Millimaci, refiles this lawsuit for any reason other than the defendants' failure to fulfill the intentions set forth in this agreement, Daniel Millimaci agrees that any and all claims for damages and attorneys fees have been satisfied up to and including the date on which he signs this release and settlement agreement.~~ The provisions of this paragraph are essential to this release and settlement agreement. If any of them is held invalid, this release and settlement agreement shall be null and void.

Date: 3-10-99

John H. Moore, Esquire
RIEHL & MOORE
(Counsel for Plaintiff)

Sincerely yours,

Kemal Alexander Mericli
Senior Deputy Attorney General

KAM/pm